IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

MELISSA PHILLIPS,

    *Plaintiff,*

vs.

CHARLIE ROGERS,
Individual Capacity, Pittsburg County
Commissioner, et al.,

    *Defendants.*

Case No. 22-CV-119-RAW

**MEMORANDUM AND ORDER**

    Plaintiff Melissa Phillips, proceeding pro se, has asserted a bevy of claims against multiple defendants in a 41-page Amended Complaint full of repetitions, inconsistencies, and incomprehensibilities. Three of those defendants have now moved to dismiss Plaintiff's claims (Docs. 19, 21, and 22). Of those, only two are represented by counsel, Defendant Charlie Rogers and Defendant Brent Owens. The other, Defendant Alan Thompson, appears pro se. Liberally construing Plaintiff's Complaint, she asserts claims under § 1983 for violation of due process, unconstitutional taking, violation of the Americans with Disabilities Act ("ADA"), gender, racial, and disability discrimination in violation of equal protection, defamation, slander of title, trespass, and intentional infliction of emotional distress.

I.          **Factual and Procedural Background**[1]

Plaintiff's Complaint lacks numbered paragraphs and attempts to tell her story with much repetition and without chronological order. It does, however, include a colorful, excessive, and conclusory commentary on the events through Plaintiff's perspective. To the best of the Court's ability to decipher Plaintiff's Complaint, here's what happened:

Plaintiff is a Cherokee woman living in Pittsburg County, Oklahoma near a lake. The road she lives on is, allegedly, a private drive and results in a dead end. She owns a house on one side of the private drive and may have rental property nearby (one of details on which the Complaint is unclear). Plaintiff suffers from back issues and requires a walker to ambulate. Rogers is a Pittsburg County Commissioner. Owens works as a deputy for the Pittsburg County sheriff department. Thompson is Plaintiff's new neighbor who just bought 16.5 acres nearby with the intent of developing homes and selling them.

**A.**      **Facts underlying Plaintiff's previous suit.**

On August 16, 2021, Rogers tore up Plaintiff's private drive, telling her and others that it was in fact a public road named Inez Street. Rogers likewise tore down trees in front of her lot, destroying her view. In response, Plaintiff brought multiple claims against Rogers and others in the Western District of Oklahoma.[2] Many of the claims asserted in that case echo those presently before the Court: violation of due process, taking without just compensation under the Fifth Amendment, gender and ethnicity discrimination, ADA violations, defamation, slander of title, and intentional infliction of emotional distress. After Rogers and the other defendants successfully

---

[1] The facts are taken from Plaintiff's Complaint and are considered true for the purposes of this Order.

[2] See *Melissa Phillips v. Charlie Rogers*, et al., Case No. CIV-21-00955-PRW (W.D. Okla.).

moved to dismiss Plaintiff's claims, Plaintiff appealed her case to the Tenth Circuit. That appeal is still pending.

**B.      Facts not included in original complaint.**

On September 24, 2021, Rogers "threaten [sic] to develop" Inez Street in a county commissioner public hearing. One month later, after Plaintiff had filed her complaint in the Western District of Oklahoma, Rogers went to Plaintiff's property, walked up to her security cameras, and "mess[ed]" with them somehow.[3] In October 2022, Rogers began falsely telling others that Plaintiff had put a gate on the "private drive." In June 2022, Rogers told Thompson that the "private drive" was in fact a public road.

Thompson bought the 16.5-acre lot either adjacent to or opposite from Plaintiff's property. In October 2022, Thompson said that Inez Street does not exist, leading Plaintiff to allege that he stole a public road, Inez Street—the same public road Plaintiff contends does not exist but rather is her "private drive." Thompson threatened to take Inez Street and tear down further trees in front of Plaintiff's house, taunting Plaintiff about her inability to hire an attorney to defend the property.

On September 3, 2022, Plaintiff called the Pittsburg County sheriff department to report that her neighbor (not Thompson, but some nameless "racist" in her Complaint) had been shooting across the road at her land and had shone a flashlight in her camera to prevent her from videoing him in the act. Owens answered. During that conversation, Owens accused her in front of others of falsely reporting a crime and said she did not have a valid reason for calling 911. Plaintiff claims Owens did this in conspiracy with "the Cherokee hater" to "terrorize all Cherokee who try

---

[3] Plaintiff does not specify what she means by this.

to use the road." She also alleges that abuse of women resulted from Owens' statements without directly alleging that Owens acted with discriminatory intent.

Plaintiff thereafter brought the present suit against Rogers, Owens, and Thompson, along with three other Defendants, Jesse James, Justin Null, and "Officer Jarrod refuse to give first name." [4] Appearing through counsel, Rogers and Owens have moved to dismiss Plaintiff's claims against them, with Thompson following their example, albeit pro se.

## II.     Legal Standard

**A.     Motion to dismiss**

Under Rule 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[5] Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"[6] A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[7] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well the grounds on which each claim rests.[8] Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[9] Viewing the complaint in this manner, the court must decide whether the

---

[4] James, Null, and Jarrod have not filed anything in this case as of yet.

[5] Fed. R. Civ. P. 12(b)(6).

[6] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[7] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[8] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

[9] *Iqbal*, 556 U.S. at 678–79.

plaintiff's allegations give rise to more than speculative possibilities.[10] If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.' "[11]

**B.     Pro se parties**

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers."[12] A pro se litigant is entitled to a liberal construction of his pleadings.[13] If a court can reasonably read a pro se complaint in such a way that it could state a claim on which it could prevail, it should do so despite "failure to cite proper legal authority . . . confusion of various legal theories . . . or [Plaintiff's] unfamiliarity with the pleading requirements."[14] However, it is not the proper role of a district court to "assume the role of advocate for the pro se litigant."[15] As it relates to motions to dismiss generally, the court "accept[s] the well-pleaded allegations of the complaint as true and construe[s] them in the light most favorable to the plaintiff."[16] "Well-pleaded" allegations are those that are facially plausible such that "the court [can] draw the reasonable inferences that the defendant is liable for the misconduct alleged."[17]

---

[10] *See id.* ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (citation omitted)).

[11] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570).

[12] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[13] *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) ("Because Mr. Trackwell appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.").

[14] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[15] *Id.*

[16] *Ramirez v. Dep't of Corr., Colo.*, 222 F.3d 1238, 1240 (10th Cir. 2000).

[17] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. Analysis

Given the numerous claims asserted against multiple Defendants, the Court will address each Defendant separately.

### A. Defendant Rogers

Plaintiff levies the greater part of her barrage of claims at Rogers. Against him, she asserts: violation of due process under the Fourteenth Amendment, unconstitutional taking of property without just compensation under the Fifth Amendment, violation of the Americans with Disabilities Act ("ADA"), violation of Equal Protection because of gender and ethnicity under the Fourteenth Amendment, defamation, trespass, and intentional infliction of emotional distress.[18] To the extent these claims are based on the same facts as Plaintiff's identical claims in her previous lawsuit, Rogers requests that the Court apply the claim-splitting doctrine to dismiss those claims here. For the others, or in the alternative, Rogers asserts qualified immunity. Finally, he asks the Court to decline to exercise its supplemental jurisdiction over Plaintiff's state law claims.

#### 1. *Claim-splitting*

As stated above, Plaintiff brings a number of claims against Rogers identical to those she asserted against him in her previous suit in the Western District of Oklahoma. Although those claims were all dismissed by the district court, they are currently on appeal at the Tenth Circuit. Rogers now seeks their dismissal under the claim-splitting doctrine.

"The rule against claim-splitting requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit."[19] Here, the focus is on "the efficient and

---

[18] In an opening paragraph, Plaintiff's Complaint once mentions "violation of the First Amendment" without a single factual allegation in support or even identifying the guilty party. Even liberally construing Plaintiff's Complaint, the Court does not consider Plaintiff to alleged a claim for violation of the First Amendment.

[19] *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011).

comprehensive disposition of cases" as well as the need to prevent parties from wasting "scarce judicial resources."[20]  Under Tenth Circuit precedent, the main concern is "whether the first suit, assuming it were final, would preclude the second suit."[21]  Therefore, courts must analyze whether the claim-splitting doctrine applies under the *res judicata* standard.[22]

Normally, to dismiss a claim under res judicata, "three elements must exist: (1) a [final] judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits."[23]  Courts applying the claim-splitting doctrine essentially ignore the first element (by assuming finality is met) before proceeding to the other two.[24]  Regarding the third element, the emphasis is whether the causes of action "aris[es] out of the same transaction, occurrence, or wrongful act."[25]

Here, there is no doubt that the same parties were involved in Plaintiff's prior suit against Rogers.  Likewise, there can be no dispute that Plaintiff asserts essentially the same claims against Rogers as she did in that previous action.  Indeed, many of Plaintiff's claims arise from that exact occurrence, namely Rogers allegedly tearing up her private drive.  To the extent Plaintiff's claims currently before this Court stem from that allegedly wrongful act, the claim-splitting doctrine applies to bar them from this Court's consideration.  For that reason, Rogers' Motion regarding Plaintiff's claims for violation of due process under the Fourteenth Amendment, unconstitutional

---

[20] *Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 985 (10th Cir. 2002) (further citation and quotations omitted).

[21] *Katz*, 655 F.3d at 1218.

[22] *See id.* at 1218–19.

[23] *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1239 (10th Cir. 2017) (further citation and quotations omitted).

[24] *Katz*, 655 F.3d at 1219.

[25] *Jarrett v. Gramling*, 841 F.2d 354, 357 (10th Cir. 1988).

taking under the Fifth Amendment, some unspecified violation of the First Amendment, violation of the Americans with Disabilities Act ("ADA"), violation of Equal Protection because of gender and ethnicity under the Fourteenth Amendment, defamation, trespass, and intentional infliction of emotional distress are dismissed—at least those which stem from Rogers tearing up her private drive and tearing down the trees in front of her property.[26]

    2.   *Qualified immunity*

To the extent Plaintiff's claims are not premised on Rogers' initial tearing up of the trees and private drive, Rogers moves to dismiss her claims under § 1983 on the grounds of qualified immunity. Rogers, having asserted qualified immunity in his Motion to Dismiss, has thus subjected himself "to a more challenging standard of review than would apply on summary judgment" in that the facts must be taken from Plaintiff's Complaint.[27]

Nevertheless, "[i]n an action under section 1983, individual defendants are entitled to qualified immunity unless it is demonstrated that their alleged conduct violated clearly established constitutional rights of which a reasonable person in their positions would have known."[28] This is a two part test, putting the burden on plaintiffs "to show: (1) that the defendant's actions violated a federal constitutional or statutory right, and, if so, (2) that the right was clearly established at the

---

[26] Rogers argues that "Plaintiff could have sought to amend her pleadings in the prior case to include her new claim of alleged retaliatory trespassing" and thus, claim-splitting should apply to these claims as well. This argument goes too far in that this claim stems from a different occurrence, trespass months after the events underlying the original claim, and thus raises a separate cause of action.

[27] *Truman v. Orem City*, 1 F.4th 1227, 1235 (10th Cir. 2021) (quoting *Peterson v. Jensen*, 371 F.3d 1199, 1201 (10th Cir. 2004)).

[28] *Lynch v. Bd. of Cnty. Comm'rs of Muskogee Cnty.*, 786 F. App'x 774, 784 (10th Cir. 2019) (quoting *Murrell v. Sch. Dist. No. 1, Denver*, 186 F.3d 1238, 1251 (10th Cir. 1999)).

time of the defendant's unlawful conduct."[29]  The Court is free to address these prongs in any order.[30]

Here, Plaintiff's Complaint is less than clear as to which of her numerous claims stem from Rogers' trespass onto her grounds and interference with her security camera or his comments/threats that her private drive is a public road.  Liberally construing Plaintiff's Complaint, it appears that she asserts claims for unconstitutional takings, violation of due process, and discrimination amounting to an Equal Protection violation.  However, the facts alleged do not support finding that Rogers has breached any constitutional right.

First, Plaintiff's Fifth Amendment takings claim regarding her security cameras fails because she does not allege that Rogers (1) took anything when he "messed with" her security camera or (2) that Rogers did so for a public use.[31]  More importantly, as Rogers has asserted qualified immunity to this claim, the burden is on Plaintiff to point to existing precedent showing that Rogers' alleged conduct violated clearly established constitutional rights.  Plaintiff has not done so.  The Court cannot act as Plaintiff's advocate to search out caselaw in support of her claim.[32]  Likewise, Plaintiff's claim based on Rogers' comments that her private drive was Inez Street, a public road, also fails.  It is ridiculous to suppose that Rogers *took* Plaintiff's private drive simply by telling others it was a public road.  Therefore, this claim is facially implausible.

---

[29] *Gutierrez v. Cobos*, 841 F.3d 895, 900 (10th Cir. 2016) (further citation and quotations omitted).

[30] *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

[31] *See* U.S. Constitution, amend. V (stating that "nor shall private property be taken for public use, without just compensation.").

[32] *See, e.g.*, *Hiler v. Bryant*, 2020 WL 718256, at *6 (W.D. Okla. 2020), *report and recommendation adopted*, 2020 WL 718227 (W.D. Okla. 2020) (holding in context of qualified immunity analysis that "Plaintiff's burden may not be excused or transferred based upon his *pro se* status in this lawsuit.") (citing *Stewart v. Beach*, 701 F.3d 1322, 1326, 1327-28, 1330-33 (10th Cir. 2012)).

Second, Plaintiff appears to allege a claim for violation of procedural due process due to Rogers' failure to follow 69 O.S.A. § 646, the Oklahoma statute governing condemnation of Indian land. (But this goes to the previous claim that was brought up before.) To prevail on a procedural due process claim, a plaintiff "must prove two elements: that he possessed a constitutionally protected liberty or property interest such that the due process protections were applicable, and that he was not afforded an appropriate level of process."[33] Plaintiff cannot meet the second element simply because she does not plausibly allege that she has been denied of any liberty or property interest by Rogers' statements or by his "messing with" her security camera. Therefore, the Court grants Rogers' Motion as to this claim.

Third, Plaintiff attempts to allege an Equal Protection claim against Rogers.[34] She claims that Rogers' discriminated against her because of her gender, disability, and ethnicity. However, "to assert a viable equal protection claim, plaintiffs must first make a threshold showing that they were treated differently from others who were similarly situated to them."[35] Plaintiff fails to allege any facts showing that Rogers treated a similarly situated person not of her ethnicity, disabled status, or gender differently. Rather, she relies on emphatic and wholly conclusory allegations that Rogers discriminated against her in favor of unnamed non-tribal men, hyperbolically equivalating Rogers' treatment of her to Vladimir Putin's invasion of Ukraine. As the Tenth Circuit has repeatedly held, "[c]onclusory allegations are not sufficient to state a constitutional violation."[36]

---

[33] *Couture v. Bd. of Educ. of Albuquerque Pub. Sch.*, 535 F.3d 1243, 1256 (10th Cir. 2008) (further citations and quotations omitted).

[34] As with all of Plaintiff's claims, it is unclear exactly what she intends to allege, but the Court must do its best to liberally construe her Complaint.

[35] *Brown v. Montoya*, 662 F.3d 1152, 1172–73 (10th Cir. 2011) (further citation and quotations omitted).

[36] *Robertson v. Las Animas Cnty. Sheriff's Dept.*, 500 F.3d 1185, 1193 (10th Cir. 2007).

Because Plaintiff has failed to adequately allege that Rogers violated her equal protection rights, Rogers is entitled to qualified immunity on this claim. Accordingly, it must be dismissed.

    3.    *ADA claim*

Plaintiff may also be trying to assert an ADA claim against Rogers based on facts occurring after her original case. This fails wholesale because individual defendants who are not employers cannot be held liable under the ADA.[37] Plaintiff makes no allegation that Rogers is her employer. Indeed, under the facts alleged, that would be an absurd conclusion. Therefore, Plaintiff's ADA claim must fail, and Rogers' Motion is granted on that claim.

    4.    *State law claims*

Finally, Plaintiff asserts several state law claims against Rogers. As this point, however, the Court has dismissed each of Plaintiff's federal claims against Rogers. Plaintiff has not pled diversity jurisdiction such that this Court would have jurisdiction to hear these claims under 28 U.S.C. § 1332. Rather, Plaintiff must rely on this Court's supplemental jurisdiction under 28 U.S.C. § 1367(a) if her state law claims are to have their day in federal court. When, however, plaintiffs rely on § 1367 to bring state claims in federal court and "all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."[38] Given that only Plaintiff's state law claims remain, the Court in its discretion

---

[37] *Butler v. City of Prairie Vill.*, 172 F.3d 736, 744 (10th Cir. 1999).

[38] *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) (citing 28 U.S.C. § 1367(c)(3) (permitting the court to decline supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction.").

declines to exercise jurisdiction over them. Accordingly, Plaintiff's state law claims are dismissed for lack of jurisdiction.[39]

B. **Defendant Owens**

Against Owens, Plaintiff asserts claims for defamation and discrimination stemming from her call to the Pittsburg County sheriff department. Considering Plaintiff's comments such as "THIS abuse of women is due to Brent Owens," the Court will construe Plaintiff's complaint as stating a claim for gender discrimination as an Equal Protection claim. Once again, she fails to allege the existence of similarly situated persons whom Owens treated differently. Furthermore, Plaintiff fails to allege that Owens' statement was motivated by a "class-based discriminatory intent" as required to plead an equal protection claim under § 1983.[40] She only alleges a discriminatory effect, and that allegation is wholly conclusory. Therefore, Plaintiff's equal protection claim must be dismissed.

Because the only other claim remaining against Owens is Plaintiff's state law defamation claim, the Court declines to exercise jurisdiction over this claim for the reasons stated above. Accordingly, the Court grants Owens' Motion as to both of Plaintiff's claims against him.

C. **Defendant Thompson**

And now the Court comes to the battle of the pro se parties. In one corner, Plaintiff asserts numberless and practically unidentifiable claims against Thompson. In the other, Thompson moves to dismiss for unidentifiable reasons. Given that Plaintiff fails to show that she has standing

---

[39] *See Phillips v. Rogers*, 2022 WL 1748262, at *3 (W.D. Okla. 2022) (declining to exercise supplemental jurisdiction over Plaintiff's remaining state law claims after each of her dismissing her federal claims).

[40] *Russell v. City of Kansas City, Kan.*, 690 F. Supp. 947, 954 (D. Kan. 1988).

sufficient to give this Court jurisdiction over her claims against Thompson, the Court *sua sponte* dismisses whatever claims Plaintiff is attempting to bring.

"Federal courts are courts of limited subject matter jurisdiction."[41] Accordingly, "district courts have an independent obligation to address their own subject-matter jurisdiction and can dismiss actions *sua sponte* for a lack of subject-matter jurisdiction."[42] An indisputable requirement for federal courts to exercise jurisdiction is that the plaintiff "have standing to seek each form of relief in each claim."[43]

> To satisfy Article III's standing requirements, a plaintiff must show: (1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.[44]

Here, Plaintiff claims—without supporting factual allegations—that Thompson stole a public road. Ironically, she also alleges that Thompson made statements that Inez Street does not exist, which is identical—to the best of the Court's understanding—to Plaintiff's own allegations in this case. Regardless, these facts are insufficient to establish that Thompson has caused her any sort of concrete and particularized injury. Likewise, Plaintiffs fails to allege any facts showing that Thompson's alleged threats to take Inez Street and cut down trees creates anything other than

---

[41] *Meashintubby v. Paulk*, 2023 WL 1448026, at *3 (E.D. Okla. 2023) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

[42] *City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1093 (10th Cir. 2017).

[43] *Am. Humanist Ass'n, Inc. v. Douglas Cnty. Sch. Dist. RE-1*, 859 F.3d 1243, 1250 (10th Cir. 2017) (quoting *Bronson v. Swensen*, 500 F.3d 1099, 1106 (10th Cir. 2007)); *see also S. Utah Wilderness All. v.* Palma, 707 F.3d 1143, 1153 (10th Cir. 2013) ("The doctrine of standing 'is an essential and unchanging part of the case-or-controversy requirement of Article III.' ") (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

[44] *S. Utah Wilderness All.*, 707 F.3d at 1153 (further citation and quotations omitted).

a conjectural or hypothetical injury. Without showing that Thompson has caused her a concrete and particularized injury, Plaintiff lacks standing to pursue any claim against him.[45]

To the extent Plaintiff's Complaint could be construed to hold assert that Thompson stole Plaintiff's own drive—an inference one step too far in the Court's opinion, even when considering Plaintiff's pro se status—this would be a state law claim. As such, Plaintiff has the burden to establish jurisdiction under 28 U.S.C. § 1332. She alleges no facts to meet this burden. Accordingly, the Court would not have jurisdiction over her claim anyway. For the same reason, the Court cannot exercise jurisdiction over any possible claim for intentional infliction of emotional distress against Thompson based on his alleged threats and taunts.

Accordingly, the Court must dismiss her claims against Thompson for lack of subject matter jurisdiction. Because the Court dismisses Plaintiff's claims on grounds other than those argued by Thompson, the Court considers Thompson's Motion to Dismiss moot.

**IT IS THEREFORE ORDERED** that Defendant Charlie Rogers' Motion to Dismiss (Doc. 22) is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant Brent Owens' Motion to Dismiss (Doc. 21) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant Alan Thompson are dismissed for lack of standing. Thompson's Motion to Dismiss (Doc. 19) is thus **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendants Rogers, Owens, and Thompson are terminated from the case.

---

[45] This analysis remains the same regardless of whether the Court considers Plaintiff to have asserted a claim for conspiracy between Thompson and Rogers to interfere with civil rights under 42 U.S.C. § 1985(3).

**IT IS SO ORDERED.**

Dated this 6th day of March, 2023.

*[signature]*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE