IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

MELISSA PHILLIPS,

    *Plaintiff,*

vs.

CHUCK SULLIVAN,
Individual Capacity, Pittsburg County
District Attorney, et al.,

    *Defendants.*

Case No. 22-CV-119-RAW

**MEMORANDUM AND ORDER**

    After the Court dismissed her claims against three of named Defendants in this case, Plaintiff Melissa Phillips, proceeding pro se, now brings a motion for reconsideration. To be fair, Plaintiff clarifies a few of obtuse factual averments in her Complaint, replacing inconsistencies with mere implausibilities and irrelevancies. Still, the law has not changed. Plaintiff's Motion, therefore, is denied.

### I.    Factual and Procedural Background[1]

    Plaintiff first brought her case against the six Defendants on April 18, 2022. Three of these Defendants, Charlie Rogers, Brent Owens, and Alan Thompson, moved to dismiss Plaintiff's

---

[1] The facts are taken from Plaintiff's Complaint and are considered true for the purposes of this Order.

claims against them. The Court granted these motions to dismiss on March 6, 2023 (Doc. 32). Plaintiff now requests that the Court alter or amend its judgment pursuant to Fed. R. Civ. Pro. 59(e).

The facts are the same as those set forth in the Court's original order granting Defendants' motions to dismiss. The Court will not repeat them here. It will note that Plaintiff offers various clarifications in her present Motion, such as stating that Inez Street runs parallel to her private drive instead of over the same ground or that Thompson is not an adjoining landowner. However, none of Plaintiff's clarifications are relevant to the issues raised in her Motion.

## II.     Legal Standard

**A.     Motion for reconsideration**

The Court has discretion whether to grant a motion to reconsider.[2] The Federal Rules of Civil Procedure do not formally recognize a "motion to reconsider."[3] Instead, a post-judgment motion to reconsider "may arise under either Rule 59(e) (motion to alter or amend the judgment) or Rule 60(b) (relief from judgment for mistake or other reason)," although the rules are not interchangeable.[4] A motion for reconsideration under Rule 59(e) "gives the court an opportunity to correct manifest errors of law or fact and to review newly discovered evidence."[5] The court should alter or amend its judgment where the court has misapprehended the facts, the parties' positions, or the controlling law.[6] "A motion to reconsider is not a second chance for the losing

---

[2] *See Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

[3] *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

[4] *Jennings v. Rivers*, 394 F.3d 850, 854 (10th Cir. 2005) (citation omitted) (internal quotation marks omitted).

[5] *Voelkel v. General Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994) (citing *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir.1992)).

[6] *Barber ex rel. Barber v. Colorado Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (internal quotation marks omitted) (citation omitted).

party to make its strongest case or to dress up arguments that previously failed."[7] Such motions are not appropriate if the movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally.[8]

**B.     Pro se parties**

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers."[9]  A pro se litigant is entitled to a liberal construction of his pleadings.[10]  If a court can reasonably read a pro se complaint in such a way that it could state a claim on which it could prevail, it should do so despite "failure to cite proper legal authority . . . confusion of various legal theories . . . or [Plaintiff's] unfamiliarity with the pleading requirements."[11]  However, it is not the proper role of a district court to "assume the role of advocate for the pro se litigant."[12]  As it relates to motions to dismiss generally, the court "accept[s] the well-pleaded allegations of the complaint as true and construe[s] them in the light most favorable to the plaintiff."[13]  "Well-pleaded" allegations are those that are facially plausible such that "the court [can] draw the reasonable inferences that the defendant is liable for the misconduct alleged."[14]

---

[7] *Voelkel*, 846 F. Supp. at 1483.

[8] *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

[9] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[10] *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) ("Because Mr. Trackwell appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.").

[11] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[12] *Id.*

[13] *Ramirez v. Dep't of Corr., Colo.*, 222 F.3d 1238, 1240 (10th Cir. 2000).

[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.   Analysis

Liberally construing her Motion, Plaintiff first argues that the Court committed clear error by applying the claim-splitting doctrine to each of Plaintiff's claims asserted in her first action against Rogers instead of just her Fifth Amendment takings claim. In her Motion, Plaintiff states that the only issue on appeal is whether she alleged facts sufficient to support a Fifth Amendment takings claim. As it turns out, this is a blatantly false statement to the Court.

In their Response, Defendants attach a copy of Plaintiff's appellate brief. Contrary to Plaintiff's brazen declaration, the brief clearly shows that Plaintiff appealed at least five issues.[15] Issue three appeals the denial of Plaintiff's § 1983 due process claim, while issue five goes to whether Plaintiff stated a claim for violation of equal protection. Issues one, two, and four are vague and could be construed as pertaining to any number of claims. Accordingly, the Court cannot believe Plaintiff's blatantly false statement that the only issue on appeal in her Fifth Amendment takings claim. Therefore, Plaintiff fails to show how the Court committed clear error by applying the claim-splitting doctrine to her claims against Rogers in the present case.

Second, Plaintiff argues that this Court clearly erred by holding that Rogers' naked statement that her private drive is public property could not constitute a taking of her land. At least, that's what the Court *thinks* Plaintiff is arguing. Her actual words are:

> While it says cannot act as advocate, it sure acts as rewriter of facts alleged, to conveniently craft an image reason to dismiss based on falsely alleged rewritten facts, and the behemoth idea such as Martha Mitchell affect he is purporting here, It is just too outlandish to sound true, therefore it just cannot be true is in essence what he said!

---

[15] As with many of Plaintiff's filings, what facts or law are at issue is something of a guessing game—even when those issues are numbered.

Contrary to Plaintiff's opinion, the Court cares not about the outlandishness of Plaintiff's allegations, but rather the law underlying her claims. Under that law, Plaintiff's claim that Rogers took her property by telling others it was a public road is ridiculous.[16] She cannot point to a single case where a county commissioner's mere statement was sufficient to take a plaintiff's property. Nor does the Court believe that a better legal scholar could find one. Therefore, this Court did not commit clear error by dismissing Plaintiff's alleged takings claim for failure to state a claim.

As to Owens and Thompson, Plaintiff raises no coherent argument as to why her Motion should be granted. She does not show that the Court has misapprehended the facts, the parties' positions, or the controlling law. Instead, she rehashes the same meritless argued in her original response to the motions to dismiss. The Court denies her Motion accordingly.

**IT IS THEREFORE ORDERED** that Plaintiff Melissa Rogers' Motion for Reconsideration (Doc. 33) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 7th day of April, 2023.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[16] The Court does not credit Plaintiff's unsupported statements in her Motion that the local police will kill her if a county commissioner tells people her private drive is Inez Street.