IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

MELISSA PHILLIPS,

    *Plaintiff,*

vs.

CHUCK SULLIVAN,
Individual Capacity, Pittsburg County
District Attorney, et al.,

    *Defendants.*

Case No. 22-CV-119-RAW

**MEMORANDUM AND ORDER**

    After the Court dismissed her claims against three of named Defendants in this case, Plaintiff Melissa Phillips, proceeding pro se, brought a motion for reconsideration. The Court denied that motion. Now, Plaintiff brings another Motion for Reconsideration (Doc. 37) of the Court's order denying her motion for reconsideration. Once again, the Court notes that *the law has not changed*. Plaintiff's Motion, therefore, is denied.

    **I.**    **Factual and Procedural Background**

    Plaintiff first brought her case against the six Defendants on April 18, 2022. Three of these Defendants, Charlie Rogers, Brent Owens, and Alan Thompson, moved to dismiss Plaintiff's claims against them. The Court granted these motions to dismiss on March 6, 2023 (Doc. 32).

Plaintiff now requests that the Court alter or amend its judgment pursuant to Fed. R. Civ. Pro. 59(e).

The facts are the same as those set forth in the Court's original order granting Defendants' motions to dismiss. The Court will not repeat them here. Within her most recent Motion, Plaintiff adds new allegations that Defendants have not been serving her with their filings. She requests that the Court strike Defendants' filings and grant other unspecified sanctions against them. For their part, Defendants attach to their Response delivery confirmation from UPS. This document shows that UPS delivered Defendants' response to Plaintiff's previous motion for reconsideration to the address listed for Plaintiff on CM/ECF. That address is the sole way to contact Plaintiff in this case, as she does not have any email listed. In her Reply, Plaintiff claims this was the wrong address.

## II.   Legal Standard

**A.   Motion for reconsideration**

The Court has discretion whether to grant a motion to reconsider.[1] The Federal Rules of Civil Procedure do not formally recognize a "motion to reconsider."[2] Instead, a post-judgment motion to reconsider "may arise under either Rule 59(e) (motion to alter or amend the judgment) or Rule 60(b) (relief from judgment for mistake or other reason)," although the rules are not interchangeable.[3] A motion for reconsideration under Rule 59(e) "gives the court an opportunity

---

[1] *See Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

[2] *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

[3] *Jennings v. Rivers*, 394 F.3d 850, 854 (10th Cir. 2005) (citation omitted) (internal quotation marks omitted).

to correct manifest errors of law or fact and to review newly discovered evidence."[4]  The court should alter or amend its judgment where the court has misapprehended the facts, the parties' positions, or the controlling law.[5]  "A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed."[6]  Such motions are not appropriate if the movant only wants a court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally.[7]

**B.     Pro se parties**

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers."[8]  A pro se litigant is entitled to a liberal construction of his pleadings.[9]  If a court can reasonably read a pro se complaint in such a way that it could state a claim on which it could prevail, it should do so despite "failure to cite proper legal authority . . . confusion of various legal theories . . . or [Plaintiff's] unfamiliarity with the pleading requirements."[10]  However, it is not the proper role of a district court to "assume the role of advocate for the pro se litigant."[11]

---

[4] *Voelkel v. General Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994) (citing *Comm. for the First Amend.v. Campbell*, 962 F.2d 1517, 1523 (10th Cir.1992)).

[5] *Barber ex rel. Barber v. Colorado Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (internal quotation marks omitted) (citation omitted).

[6] *Voelkel*, 846 F. Supp. at 1483.

[7] *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

[8] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[9] *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) ("Because Mr. Trackwell appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.").

[10] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[11] *Id.*

### III.   Analysis

To any avid follower of this case (assuming such people exist), Plaintiff's Motion and the ensuing result are sure to give déjà vu.  Plaintiff asserts nothing new in her present Motion, instead settling for the same old rampant allegations this Court already found insufficient—twice.  Plaintiff does not even try to make a showing under the relevant standard except to quote the words "clear error" while repeating her exhausted and ineffective arguments.  No more need be said—the Court denies Plaintiff's Motion for the same reasons as last time.

Plaintiff also requests sanctions against Defendants in the form of striking their filings. She claims without evidentiary support that they have not served her with copies of their responses in this case, specifically mentioning their response to her previous motion for reconsideration.  In response, Defendants attach documentation to their Response showing the delivery of their response to Plaintiff's previous motion for reconsideration to the address listed for Plaintiff on CM/ECF.  That is the same address to which this Court has sent Plaintiff notice of its orders in this case and to which Defendant supposedly mailed its Response, which Plaintiff then replied to.  Her claim that it is the wrong address is entirely baseless, as she has been notified and up to date on the happenings in this case.  Furthermore, even if she somehow overlooked Defendants' previous response, the Court finds it hard to believe that anything she might have said in her Reply would have assisted or altered its decision.  Therefore, Plaintiff would not have suffered prejudice even if her allegations were true.  Accordingly, the Court denies Plaintiff's request for sanctions.

The Court warns Plaintiff that it is at the end of its patience with her frivolous filings in this case.  Further baseless motions for reconsideration of the Court's original order will not be tolerated.  The avenue of appeal remains open to her, should she wish to take it.

**IT IS THEREFORE ORDERED** that Plaintiff Melissa Phillips' Motion to Request Alter/Amend Order (Doc. 37) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 23rd day of May, 2023.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE